IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ann E. Randolph, ) | C/A No. 3:13-111-MBS-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Metlife Bank NA, *as successor* ) | |
| *to EverBank Reverse Mortgage, LLC,* ) | |
| *as successor to BYN Mortgage Company,* ) | |
| *LLC*; and Rogers Townsend & Thomas PC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff, Ann E. Randolph ("Plaintiff"), a self-represented litigant, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff has paid the full filing fee. Having reviewed the Complaint in accordance with applicable law, the Court concludes that it should be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff is a resident of Hopkins, South Carolina. Defendant Rogers Townsend & Thomas PC, a law firm, ("attorneys") is located in Columbia, South Carolina. Plaintiff alleges Defendant Metlife Bank NA ("Metlife") is located in Morristown, New Jersey. Plaintiff challenges the foreclosure of property located in Hopkins, South Carolina.

Plaintiff files suit against Metlife and its attorneys. She alleges that her parents passed away in 2010, leaving a piece of real property in Hopkins, South Carolina to the Randolph family heirs. Subsequently, the heirs signed quit claim deeds transferring their share of the land to Plaintiff. First Reverse Mortgage Services, the original holder of the note, assigned its claim to Metlife. Metlife began foreclosure proceedings in state court,

and provided Plaintiff with a "Certificate of Non-Ownership Occupancy Due to Death of Mortgagor," and a Notice of Foreclosure. Plaintiff alleges she requested a Foreclosure Intervention in December 2011 from Defendant attorneys, but was told they would only communicate with the representatives of the deceased about the account.

Plaintiff also claims there was a "Cease and Desist Order by the Office of the Controller of Currency & Office of Thrift and Supervision . . . for Unsafe and Unsound Practices." She does not elaborate, but she claims that due to Metlife's failure to follow the "cease and desist" order, she should receive title to the property free and clear. The Plaintiff also asks the court to stop the foreclosure, and award her damages.

Plaintiff has indicated that an action with the same facts involved in this action was pending before a master-in-equity at the time she filed the instant Complaint. That action, which appears to be the foreclosure action, was filed by Metlife on November 17, 2011, and the defendants are Virginia R. Marsh, Ann E. Randolph, David Randolph, Betty Mays, Ernest Randolph, Jr., and the Department of Housing and Urban Development.

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to

be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to dismiss frivolous complaints. See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); see also Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S.Ct. 2566, 2576 (2012) (explaining that the federal

government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, Inc., 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, Inc., 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the Complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

    If a plaintiff's complaint pleads a colorable claim arising under the Constitution or laws of the United States, she invokes federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1] See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448,

---

[1] Diversity subject matter jurisdiction is not applicable to this case because the Complaint does not allege complete diversity of parties. See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); 28 U.S.C. § 1332. Even if Plaintiff had alleged diversity jurisdiction, however, the parties are not completely diverse as evidenced by Plaintiff's own allegations pertaining to the residency of the defendants.

452-53 (4th Cir. 2012). However, if the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist. Id. (citation omitted).

## DISCUSSION

Plaintiff submitted other documents to the court with her Complaint that suggest she believes she has raised a federal question. For example, in Plaintiff's local interrogatories she cites to several different federal statutes and to the U.S. Constitution.[2] She also checks on her civil cover sheet the "Federal Question (U.S. Government Not a Party)" box under "II," labeled "BASIS OF JURISDICTION." Federal courts, however, are not bound by the parties' characterization of a case or its appropriate parties, and a district court must first look at a plaintiff's complaint to determine if "federal question" jurisdiction is present. Lyon v. Centimark Corporation, 805 F. Supp. 333, 334 (E.D.N.C. 1992). Furthermore, district courts are authorized to disregard improper characterizations to avoid "unjust manipulation . . . of its jurisdiction." Id. at 334-335.

Despite references by Plaintiff to various federal legal authorities, Plaintiff's Complaint against Metlife does not invoke federal question jurisdiction. See Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112-113 (1936). Simply put, this case is not properly filed in this federal district court because diversity of citizenship does not exist and because

---

[2] Plaintiff's citations include: 31 U.S.C. § 3729 (liability for certain acts to the U.S. Government); 7 U.S.C. §§ 4610 and 4615 (Section 4610 gives the Secretary of Agriculture authority to investigate, and the power to subpoena. Section 4615 does not exist); a reference to Title 42 without a Section number; and Article III, § 2, which Plaintiff states "extends the jurisdiction to cases arising under the United States Constitution."

Plaintiff's challenge to the action taken in state court on the note and mortgage is a contractual matter arising solely under South Carolina law.

Since the Plaintiff has not raised a plausible claim supporting federal question subject matter jurisdiction and because diversity jurisdiction is not applicable to this case, this matter should be summarily dismissed.

### RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 4, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).