IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Ann E. Randolph, ) | |
| ) | C/A No. 3:13-0111-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Metlife Bank NA, as successor to ) | |
| EverBank Reverse Mortgage, LLC, as ) | |
| successor to BYN Mortgage Company, ) | |
| LLC; and Rogers Townsend & Thomas, ) | |
| PC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Ann E. Randolph, proceeding pro se, filed a complaint on January 10, 2013, alleging that Defendants improperly are attempting to foreclose on certain property in Hopkins, South Carolina. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the complaint to determine whether the court has subject matter jurisdiction over Plaintiff's claim. The Magistrate Judge concluded that the complaint raised no colorable federal question; therefore, the court lacks federal question jurisdiction. See 28 U.S.C. § 1331. The Magistrate Judge further concluded that the parties are not completely diverse, because Plaintiff and Rogers Townsend & Thomas PC are South Carolina residents; therefore, the court lacks diversity jurisdiction. See 28 U.S.C. § 1332. The Magistrate Judge therefore recommended that the complaint be dismissed without prejudice and without issuance and service of process. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 3 , 2013

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**